UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYMOND PURDY,

    Petitioner/Plaintiff,

v.                                                    CASE NO.:

ABLE MOVING AND STORAGE, INC.,

    Respondent/Defendant.
_____/

## COMPLAINT

Plaintiff, Raymond Purdy ("Purdy"), by and through his undersigned attorneys, sues Defendant, Able Moving and Storage, Inc. ("Able"), alleging as follows:

### PARTIES

1. Purdy is a natural person who hired Able to ship his household goods from Virginia to Florida.

2. Able is a motor carrier engaged in the business of interstate shipping of household goods.

3. Able is a corporation in good standing organized under the laws of the state of Virginia with its principal place of business located in Manassas, Virginia.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a) because the amount in controversy exceeds $10,000.00, exclusive of interests and costs.

5. Venue is proper in this district pursuant to 49 U.S.C. § 14706(d), which provides that "[a] civil action under this section may be brought against a delivering carrier in a district court of the United States or in a State court."

6. The Court has personal jurisdiction of the Defendant pursuant to Section 48.193, Florida Statutes because the Defendant transacts business within this District, and the Defendant is amenable to service of process within the meaning of Federal Rule of Civil Procedure (4)(e).

## FACTS

7. On or about March 29, 2021, Purdy hired Able to transport his household goods, including personal belongings, furniture and a parlor grand piano (the "piano") from Virginia to Fort Myers, Lee County, Florida, and Purdy consigned his property to Able for interstate shipment under a Bill of Lading. A copy of the Bill of Lading is attached as **Exhibit A**.

8. The rate confirmation sheet, which Able defines as "Bill of Lading: Actual Final Charges", required Purdy to pay Able $11,388.47 for the transportation services rendered, $1,000.00 of which was paid as a deposit on March 10, 2021, and

$10,388.47 of which was payable on delivery. The Bill of Lading: Actual Final Charges is attached as **Exhibit B**.

9. Able presented Purdy with a form entitled, "Valuation Options" for the purpose of placing a value on his household goods in the event the household goods were damaged or destroyed. The Valuation Options form contained the following options: option one, full value protection; or option two, released value.

10. Purdy chose option one, full replacement value, which would require a $500.00 deductible, and stated a maximum value of $100,000.00. A copy of the Valuation Options form is attached as **Exhibit C**.

11. The Valuation Options form states, "[t]he liability for loss or damage is the cost to repair or replace the item, whichever is less."

12. On April 5, 2021, Able, through its agents and/or employees, delivered Purdy's household goods to Purdy's Fort Myers, Florida residence.

13. On or about April 5, 2021, as items were being unloaded at Purdy's Fort Myer's residence, Able's agents and/or employees caused damage to the piano.

14. On or about April 5, 2021, it was discovered that a sixty (60) inch television and a coffee table were also damaged.

15. On or about April 5, 2021, Purdy notified Able that the piano had been damaged, and that he would complete a claim form once a professional assessor had assessed the damage to the piano.

16.     In April of 2021, Purdy contacted a company called "The Piano Guys" to assess the damage to the piano. The Piano Guys assessed the damage to the piano cabinet on April 15, 2021, and on April 23, 2021, The Piano Guys assessed the internal components of the piano and attempted to tune the piano.

17.     Purdy paid The Piano Guys $290.00 to assess the damage to the piano.

18.     Ultimately, The Piano Guys were unable to repair the piano because they discovered a crack in the key bed, and they did not have the expertise to repair or replace key beds.

19.     Upon recommendation of The Piano Guys, Purdy engaged the services of Grandmasters Pianos ("Grandmasters") to repair the piano.

20.     On June 17, 2021, the piano was picked up from Purdy's residence in Fort Myers, Florida, and it was shipped to Grandmasters in Oakland Park, Florida.

21.     Purdy paid $600.00 to ship the piano from Fort Myers, Florida to Oakland Park, Florida, and upon completion of the repairs, Purdy will have to pay $700.00 to have the piano shipped back to his home in Fort Myers, Florida.

22.     Purdy paid $175.00 to Grandmasters to have the piano inspected for damage.

23.     Based on Grandmasters latest estimate, the necessary repairs will cost an estimated $21,708.00, plus 7% sales tax.

24.     On July 3, 2021, Purdy sent the formal claim form to Able, claiming

total damages in the amount of $24,714.24.

25.    The formal claim form stated that Purdy's claimed damages to the piano amounted to $22,665.00.

26.    The formal claim form stated that the damages to the coffee table amounted to $20.00.

27.    The formal claim form stated that the damages to the sixty (60) inch television amounted to $2,029.24, which represents the replacement cost of the television.

28.    Purdy was quoted $30.00 for the disposal of the damaged television.

29.    On July 9, 2022, Colleen Eggie, an employee working in Able's claims department, sent an electronic mail to Purdy requesting Purdy not to move forward with any repairs until an adjuster had made contact and completed an inspection.

30.    As a result, Purdy instructed Grandmasters to hold off on repairing the piano.

31.    Since June 17, 2021, Purdy has paid Grandmasters $125.00 per month, plus 7% sales tax to store the piano, and he will continue to pay $125.00 per month, plus 7% sales tax, until the piano is repaired.

32.    As a result of the damage to the piano and Purdy's wife's inability to use the damaged piano, Purdy expended $1,065.00 for the purchase of a Roland electric piano for his wife to use until the piano is repaired.

33. On October 7, 2021, an individual called Scott Wiemerslage inspected the piano on Able's behalf and determined that the damaged areas of the piano were repairable.

34. Prior to Purdy's household goods being tendered to Able for transportation, Purdy was not provided with an adequate notice of the availability of neutral arbitration that included a concise easy-to-read, accurate summary of the arbitration procedure, any applicable costs and disclosure of the legal effects of election to utilize arbitration.

35. All conditions precedent to the bringing of this action, if any, have been performed and satisfied.

### COUNT I – CARMACK AMENDMENT

36. Purdy realleges and incorporates by reference paragraphs 1 through 34 above as if fully set forth herein.

37. This is an action for damages brought pursuant to 49 U.S.C. § 14706 (the Carmack Amendment).

38. On or about March 29, 2021, Purdy's household goods were tendered to Able in good condition.

39. On or about April 5, 2021, Able damaged Purdy's piano when its agents and/or employees caused the piano to fall inside the trailer.

40. On or about April 5, 2021, it was discovered that Purdy's television and coffee table were also damaged while in Able's care and possession.

41. As a result of the damage to the piano, Purdy has sustained monetary damages in the amount of $23,227.56, which represents the total repair cost of the piano, including 7% sales tax.

42. As a result of the damage to the television, Purdy has sustained monetary damages in the amount of $2,029.24, which represents the replacement cost of the television.

43. As a result of the damage to the coffee table, Purdy has sustained monetary damages in the amount of $20.00, which represents the repair cost of the coffee table.

44. As a result of the damage to Purdy's household goods, Purdy has also incurred consequential damages in the amount of $3,930.00, which includes: inspection costs associated with the damaged piano, shipping costs associated with the piano repair, storage fees associated with the piano as of the date of the filing of this Complaint and disposal fee for the damaged television.

45. Purdy's consequential damages will increase during the pendency of this action.

46. Able does not maintain a tariff that prevents Purdy from being awarded damages that Purdy incurred as a consequence of the damage to Purdy's household goods.

47. Purdy's consequential damages were reasonably foreseeable such that Able should be liable for the consequential damages.

48. Purdy has retained the undersigned law firm and has agreed to pay the undersigned law firm a reasonable fee for the time expended in prosecuting this case.

49. Able is required to reimburse Purdy for his attorney's fees pursuant to 49 U.S.C. § 14708(d).

WHEREFORE, Plaintiff, Raymond Purdy, respectfully demands judgment against Able Moving and Storage, Inc. in the amount of $29,206.80, plus court costs, reasonable attorney's fees, and pre and post judgment interest.

## COUNT II – DAMAGES UNDER 49 U.S.C. § 14704

50. Purdy realleges and incorporates by reference paragraphs 1 through 34 above as if fully set forth herein.

51. This is an action for damages brought pursuant to 49 U.S.C. § 14704.

52. 49 U.S.C. § 14708(b)(2), entitled "Notice of Arbitration Procedure", requires that a carrier of household goods provide a shipper with "an adequate notice of the availability of neutral arbitration, including a concise easy-to-read, accurate summary of the arbitration procedure, any applicable costs, and disclosure of the

8

legal effects of election to utilize arbitration."

53. An adequate notice of the availability of neutral arbitration must include the following: a concise easy-to-read, accurate summary of the arbitration procedure; any applicable costs; and disclosure of the legal effects of election to utilize arbitration.

54. 49 U.S.C. § 14708(b)(2) requires that a carrier of household goods must provide an adequate notice of the availability of neutral arbitration before the household goods are tendered to the carrier for transportation.

55. Able has never provided Purdy with an adequate notice of the availability of neutral arbitration that includes a concise easy-to-read, accurate summary of the arbitration procedure, any applicable costs, and disclosure of the legal effects of election to utilize arbitration.

56. Able violated 49 U.S.C. § 14708(b)(2) by failing to provide Purdy with an adequate notice of the availability of neutral arbitration that includes a concise easy-to-read, accurate summary of the arbitration procedure, any applicable costs, and disclosure of the legal effects of election to utilize arbitration.

57. As a result of Able's failure to provide Purdy with an adequate notice of the availability of neutral arbitration that includes a concise easy-to-read, accurate summary of the arbitration procedure, any applicable costs, and disclosure of the

legal effects of election to utilize arbitration, Purdy retained the undersigned law firm to assist him in seeking compensation for the damage to his household goods.

58.    Purdy has agreed to pay the undersigned law firm a reasonable fee for the time expended in prosecuting his claim for damages to his household goods.

59.    As a result of Able's violation of 49 U.S.C. § 14708(b)(2), Purdy has suffered damages in the form of attorney's fees that exceed $10,000.00.

WHEREFORE, Plaintiff, Raymond Purdy, respectfully demands judgment against Able Moving and Storage, Inc. in the amount of his reasonable attorney's fees, plus court costs and pre and post judgment interest.

## DEMAND FOR JURY TRIAL

Raymond Purdy demands trial by jury with respect to all claims so triable.

Dated this 2nd day of March, 2022.

>   /s/ Ellis R. Faught, III, Esquire
>   ELLIS R. FAUGHT, III, ESQUIRE
>   Florida Bar No.: 84981
>   *LEAD COUNSEL*
>   BRIDGETTE M. BLITCH, ESQUIRE
>   Florida Bar No.:  064969
>   BLITCH WESTLEY BARRETTE, S.C.
>   9100 Conroy Windermere Road, Suite 200
>   Windermere, Florida 34786
>   Telephone: (407) 574-2835
>   Facsimile: (608) 829-2982
>   Primary: tfaught@bwesq.com
>   Secondary: bblitch@bwesq.com
>   Third: jsybert@bwesq.com
>   Attorneys for Plaintiff