# EXHIBIT A

# UNIFORM HOUSEHOLD GOODS BILL OF LADING AND FREIGHT BILL

**NO.** US DOT 653592
**MC217259**

## ABLE MOVING & STORAGE, INC.
8050 WELLINGFORD DRIVE
MANASSAS, VA. 20109

VEHICLE # 552402

IN CASE OF NEED: CONTACT TRAFFIC CONTROL MGR. AT ABOVE ADDRESS OR TELEPHONE NUMBER

CONNECTING OR INTERLINING CARRIER (IF ANY) _____ ADDRESS _____ PHONE _____

RECEIVED, subject to classifications, tariffs, rules and regulations including all terms printed or stamped hereon or on the reverse side hereof in effect on the date of issue of this bill of lading

SHIPPER Raymond Purdue  DATE 03/29/21
ADDRESS 6005 Matthew Lane
FLOOR ___ ELEV. ___ TEL ___
CITY Mineral   COUNTY 23117   STATE VA

CONSIGNED TO
ADDRESS 14592 Adina Lane
FLOOR ___ ELEV. ___ TEL ___
CITY Fort Myers   COUNTY 33905   STATE FL

ACTUAL PICKUP DATE ___
AGREED PICKUP DATE or period of time: 03/29/21
GUARANTEED PICKUP DATE ___
AGREED DELIVERY DATE: 04/01 - 04/08
GUARANTEED DELIVERY DATE ___

### NOTIFICATION OF CHARGES
SHIPPER REQUESTS NOTIFICATION OF ACTUAL CHARGES TO PARTY SHOWN BELOW ☐
(C.O.D. SHIPPERS ONLY)
NOTIFY ___
ADDRESS ___ TEL. ___

IN CASE OF DELAY, OR IF CHARGES EXCEED ESTIMATE BY MORE THAN 10%
NOTIFY ___
ADDRESS ___ TEL. ___

Payment in Cash or Certified Check, Money Order, Traveler's Check or Cashier's Check and Credit Cards
BILLING INFORMATION
NAME ___
ADDRESS ___
CITY & STATE ___
ATTENTION OF ___

**Notice:** Carrier's tariffs, by this reference, are made a part of the bill of lading and may be inspected at carrier's facility, or, on request, carrier will furnish a copy of any tariff provision containing carrier's rates, rules or charges governing the shipment.

### SPECIAL SERVICES
☐ EXPEDITED SERVICE ORDERED BY SHIPPER DELIVERED ON OR BEFORE ___
☐ SHIPMENT COMPLETELY OCCUPIED A ___ CU. FT. VEHICLE
☐ EXCLUSIVE USE OF A ___ CU. FT. VEHICLE ORDERED
☐ SPACE RESERVATION ___ CU. FT. ORDERED
☐ ___

Tariff ___
I waive my right to observe the reweigh of this shipment.
Signature ___ Date ___

|  | ORIGINAL | REWEIGH |
|---|---|---|
| Gross |  |  |
| Tare |  |  |
| Net |  |  |
| Min. Wt. |  |  |

### SERVICES (AS APPLICABLE) — CHARGES
- Transportation FROM ___ TO ___
- Origin/Destination Fee
- Fuel Surcharge
- Containers, Packing & Unpacking
- Storage-In-Transit at Location ___ Date In ___ Date Out ___
- SIT Pickup and Delivery
- Extra Pickups or Deliveries No. ___ at ___
- Extra Labor, Special Services or Waiting Time
- Bulky Articles
- Additional Weight Additives
- Advanced Charges
- Shuttle Service
- Self-Storage/Mini-Warehouse Pickups or Deliveries
- Overtime Pickups or Deliveries
- Other Additional Services

### FULL AND CUSTOM CONTAINER SERVICE (AS APPLICABLE)

NOTE: For shipments with origin/destination in California; Customer agrees that title to all packing materials and other property sold to customer passes to customer prior to the transportation of such property to the customer by carrier. The sale price of the containers and container material is $ ___. This sale price is included in the total packing service charge.

| AGENT AND SERVICE DATA | Agt. Code No. | FULL SERVICE / CUSTOM SERVICE / CARTON DESCRIPTION | CONTAINERS & PACKING $ / QUANTITY | UNPACKING $ / QUANTITY |
|---|---|---|---|---|
| DATE LOADED AT RES.) BY |  | DISH PACKS  10 | 10 |  |
| DATE LOADED AT WHSE.) BY |  | CARTONS  Less Than 3 cft. | 10 |  |
| BOOKED BY |  | CARTONS  3 cft. | 5 |  |
| ORIGIN AGENT |  | CARTONS  4.5 | 28 |  |
| PACKED BY |  | CARTONS  6 |  |  |
| HAULER 1. |  | CARTONS  6.5 |  |  |
| FROM ___ TO ___ |  | WARDROBE, CTN. | 2 |  |
| HAULER 2. |  | ~~DOUBLE/TRIPLE CTN.~~  Mirrors | 3 |  |
| FROM ___ TO ___ |  | MATTRESS CTN., TWIN/TWIN LONG |  |  |
| UNPACKING BY |  | MATTRESS CTN., DOUBLE (NOT EXCEEDING 54" X 75") |  |  |
| DATE DELIVERED |  | MATTRESS CTN., KING/QU. (EXCEEDING 54" X 75") | 2 |  |
| DRIVER |  | ~~HEAVY DUTY~~ T.V. Carton | 3 |  |
|  |  | OTHER  Crates | 5 |  |
|  |  | TOTAL CONTAINERS & PACKING $ | TOTAL UNPACKING $ |  |

TOTAL CONTAINERS AND PACKING AND UNPACKING ↓

## THE CONSUMER MUST SELECT ONE OF THESE OPTIONS FOR THE CARRIER'S LIABILITY FOR LOSS OR DAMAGE TO YOUR HOUSEHOLD GOODS
CUSTOMER'S DECLARATION of VALUE : THIS IS A TARIFF LEVEL OF CARRIER LIABILITY - IT IS NOT INSURANCE

**OPTION 1** - The Cost Estimate that you receive from your mover MUST INCLUDE Full (Replacement) Value Protection for the articles that are included in your shipment. If you wish to waive the Full (Replacement) Level of protection you must complete the WAIVER of Full (Replacement) Value Protection shown below. Full (Replacement) Value Protection is the most comprehensive plan available for protection of your goods. If any article is lost, destroyed or damaged while in mover's custody, your mover will, at its option, either 1) repair the article to the extent necessary to restore it to the same condition when it was received by your mover, or pay you for the cost of such repairs; or 2) replace the article with an article of like kind and quality, or pay you for the cost of such a replacement. Under Full (Replacement) Value Protection, if you do not declare a higher replacement value on this form prior to the time of shipment, the value of your goods will be deemed to be equal to $6.00 multiplied by the weight (in pounds) of the shipment, subject to a minimum valuation for the shipment of $6,000. Under this option the cost of your move will be comprised of a base rate plus an added cost reflecting the cost of providing this full value cargo liability protection for your shipment. If you wish to declare a higher value for your shipment than these default amounts, you must indicate that value here. Declaring a higher value may increase the valuation charge in your cost estimate.

The Total VALUE of my shipment is: $ ___ (to be provided by the Customer)
Dollar Estimate of the COST of your move at Full (Replacement) Value Protection: $ ___ (to be provided by Carrier)
Deductibles - You may also select one of the following deductible amounts under the Full (Replacement) Value level of liability that will apply for your shipment. (if you do not make a selection, the "No Deductible" level of valuation protection that is included in your cost estimate will apply):
$250 Deductible ( ___ ) initial   OR $500 Deductible ( ___ ) initial   OR $ ___ Deductible ( ___ ) initial
Dollar Estimate of the cost of your move with $ ___ Deductible: $ ___ (To be provided by Carrier)

I acknowledge that for my shipment I have 1) ACCEPTED the Full (Replacement) Level of protection included in the estimate of charges and declared a higher Total Value of my shipment (if appropriate); and 2) received a copy of the "Your Rights and Responsibilities When You Move" brochure explaining these provisions.

Customer's Signature X ___ Date ___ --- OR ---

**OPTION 2** - WAIVER of Full (Replacement) Value Protection. This lower level of protection is provided at no additional cost beyond the base rate; however it provides only minimal protection that is considerably less than average value of household goods. Under this option, a claim for any article that may be lost, destroyed or damaged while in your mover's custody will be settled based on the weight of the individual article multiplied by 60 cents. example: a settlement for an audio component valued at $1000 that weighs 10 pounds would be $6.00 (10 pounds times 60 cents).
Dollar Estimate of the COST of your move under the 60 cents option: $ ___ (to be provided by Carrier)

COMPLETE THIS PART ONLY if you wish to Waive the Full (Replacement) Level of Protection included in the higher cost estimate provided (above) for your shipment and instead select the LOWER Released Value of 60 Cents Per Pound Per Article; to do so you must initial and sign on the lines below:
I wish to Release My Shipment to a MAXIMUM VALUE of 60 Cents per Pound per Article ___ (Customer's Initials)

I acknowledge that for my shipment I have 1) WAIVED the Full (Replacement) Level of protection for which I have received an estimate of charges; and 2) received a copy of the "Your Rights and Responsibilities When You Move" brochure explaining these provisions.

(stamped across option section: "Re Valuation RSVN")

### Minimum Weight or Volume Charge ___
Terms & Conditions for Payment of Total Charges
Charges ☐  Prepaid ☐  C.O.D. ☐
to be paid Cash, Certified Check or Money Order
Maximum amount to be paid at time of delivery to obtain delivery of an estimated C.O.D. shipment ___
BALANCE DUE (30 Days, Credit Extended if Requested) ___
Prepayment Collected By ___

**BALANCE DUE ▶**

DELIVERY ACKNOWLEDGEMENT: SHIPMENT WAS RECEIVED IN APPARENT GOOD CONDITION EXCEPT AS NOTED ON INVENTORY, AND SERVICES ORDERED WERE PERFORMED.
SIGNED ___

REC'D FOR STORAGE ___ (WAREHOUSE) ___ CONSIGNEE ___
BY ___ (WAREHOUSEMAN'S SIGNATURE) ___ DATE ___ PER ___

### Declaration of Article(s) of Extraordinary (Unusual) Value
I acknowledge that I have prepared and retained a copy of the "Inventory of Items Valued in Excess of $100 Per Pound per Article" that are included in my shipment and that I have given a copy of this Inventory to the mover's representative. I also acknowledge that the mover's liability for loss of or damage to any article valued in excess of $100 per pound will be limited to $100 per pound for each pound of such lost or damaged article(s) (based on actual article weight), not to exceed the declared value of the entire shipment, unless I have specifically identified such articles for which a claim for loss or damage may be made on the attached inventory.

# CONTRACT TERMS AND CONDITIONS

Except when transportation is performed under the provisions of Item 1 (b) of tariff, the following Contract Terms and Conditions apply to all transportation performed by carrier in addition to all other rules, regulations, rates, and charges in this and other applicable tariffs, which are available for inspection at the location(s) specified by the carrier.

This contract is subject to all the rules, regulations, rates and charges in carrier's currently effective applicable tariffs including, but not limited to, the following terms and conditions:

SECTION 1: The carrier or party in possession shall be liable for physical loss of or damage to any articles from external cause while being carried or held in storage-in-transit EXCEPT loss, damage or delay caused by or resulting:

(a) From an act, omission or order of shipper;

(b) From defect or inherent vice of the article, including susceptibility to damage because of atmospheric conditions such as temperature and humidity or changes therein;

(c) From (1) hostile or warlike action in time of peace or war, including action in hindering, combating or defending against an actual, impending or expected attack (A) by any government or sovereign power, or by any authority maintaining or using military, naval or air forces; or (B) by military, naval or air forces; or (C) by an agent of any such government, power, authority or forces; (2) any weapon of war employing atomic fission or radioactive force whether in time of peace or war; (3) insurrection, rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating, or defending against such an occurrence; (4) seizure or destruction under quarantine or customs regulations; (5) confiscation by order of any government or public authority; or (6) risks of contraband or illegal transportation or trade.

(d) From terrorist activity, including action in hindering or defending against an actual or expected terrorist activity. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. The term "terrorist activity" means any such activity which is unlawful under the laws of the United States or any State and which involves any of the following: (1) the hijacking or sabotage of any conveyance (including an aircraft, vessel, cab, truck, van, trailer, container or vehicle) or warehouse or other building; (2) the seizing or detaining, and threatening to kill, injure, or continue to detain, another individual in order to compel a third person (including a governmental organization) to do or abstain from doing any act as an explicit or implicit condition for the release of the individual seized or detained; (3) as assassination; (4) the use of any (A) biological agent, chemical agent, or nuclear weapon or device, or (B) explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property; or (5) a threat, attempt, or conspiracy to do any of the foregoing.

(e) From delay caused by strikes, lockouts, labor disturbances, riots, civil commotions, or the acts of any person or persons taking part in any such occurrence or disorder, and from loss or damage when carrier, after notice to shipper or consignee of a potential risk of loss or damage to the shipment from such causes, is instructed by the shipper to proceed with such transportation and/or delivery, notwithstanding such risk.

(f) From Acts of God.

SUBJECT, in addition to the foregoing, to the further following limitations on the carrier's or the party's in possession liability:

The carrier's or the party's in possession maximum liability shall be either:

(1) The lump sum value declared by shipper, which may not be less than $6,000 or $6.00 per pound multiplied by the actual weight of the shipment, in pounds, whichever is greater, or

(2) The actual loss or damage not exceeding sixty (60) cents per pound of the weight of any lost or damaged article when the shipper has waived lump sum value liability and released the shipment to the carrier, in writing, with liability limited to sixty (60) cents per pound per article.

SECTION 2. The carrier shall not be liable for delay caused by highway obstruction, or faulty or impassable highways, or lack of capacity of any highway, bridge or ferry, or caused by breakdown or mechanical defect of vehicles or equipment, or from any cause other than negligence of the carrier; nor shall the carrier be bound to transport by any particular schedule, means, vehicle or otherwise than with reasonable dispatch. Every carrier shall have the right in case of physical necessity to forward said property by any carrier or route between the point of shipment and the point of destination.

SECTION 3.

(a) The shipper, upon tender of the shipment to carrier, and the consignee, upon acceptance of delivery of shipment from carrier, shall be liable, jointly and severally, for all unpaid charges payable on account of a shipment in accordance with applicable tariffs including, but not limited to, sums advanced or disbursed by a carrier on account of such shipment. The extension of credit to either shipper or consignee for such unpaid charges shall not thereby discharge the obligation of the other party to pay such charges in the event the party to whom credit has been extended shall fail to pay such charges.

(b) The shipper shall indemnify carrier against loss or damage caused by inclusion in the shipment of explosives or dangerous articles or goods..

SECTION 4. If for any reason other than the fault of carrier, delivery cannot be made at address shown on the face hereof, or at any changed address of which carrier has been notified, carrier, at its option, may cause articles contained in shipment to be stored in a warehouse selected by it at the point of delivery or at other available points, at the cost of the owner, and subject to a lien for all accrued tariff charges.

SECTION 5. If shipment is refused by consignee at destination, or if shipper, consignee or owner of property fails to receive or claim it within fifteen (15) days after written notice by United States mail addressed to shipper and consignee at post office addresses shown on face hereof, or if shipper fails or refuses to pay applicable charges in accordance with carrier's applicable tariff, carrier may sell the property at its option, either (a) upon notice in the manner authorized by law, or (b) at public auction to highest bidder for cash at a public sale to be held at a time and place named by carrier, thirty (30) days notice of which sale shall have been given in writing to shipper and consignee, and there shall have been published at least once a week for two consecutive weeks in a newspaper of general circulation at or near the place of sale, a notice thereof containing a description of the property as described in the bill of lading, and the names of the consignor and consignee. The proceeds of any sale shall be applied toward payment of tariff charges applicable to shipment and toward expenses of notice, advertising and sale, and of storing, caring for and maintaining property prior to sale, and the balance if any shall be paid to owner of property; PROVIDED that any perishable articles contained in said shipment may be sold at public or private sale without such notices, if, in the opinion of carrier, such action is necessary to prevent deterioration or further deterioration.

SECTION 6. As a condition precedent to recovery, a claim for any loss or damage, injury or delay, must be filed in writing with carrier within nine (9) months after delivery to consignee as shown on face hereof, or in case of failure to make delivery, then within nine (9) months after a reasonable time for delivery has elapsed; and suit must be instituted against carrier within two (2) years and one (1) day from the date when notice in writing is given by carrier to the claimant that carrier has disallowed the claim or any part or parts thereof specified in the notice. Where a claim is not filed or suit is not instituted thereon in accordance with the foregoing provisions, carrier shall not be liable and such a claim will not be paid.

DS-213L Rev. 4/12